UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GREISSI G. VALLE PADILLA,<br><br>Plaintiff(s),<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY dba STATE FARM,<br><br>Defendant(s). | Case No.2:23-CV-1709  JCM (DJA)<br><br>ORDER |

      Presently before the court is defendant State Farm Mutual Automobile Insurance Company's motion to dismiss the first amended complaint.  (ECF No. 7).  Plaintiff Greissi Valle Padilla filed a response (ECF No. 9), to which State Farm replied (ECF No. 11).

      Also before the court is Padilla's motion to remand the case back to state court.  (ECF No. 8).  State farm responded.  (ECF No. 10).

**I.**    **Background**

      This is an insurance dispute case following a car accident.  It was removed to federal court from Nevada state court based on diversity jurisdiction.  (ECF No. 1).  Padilla brought four claims for relief: breach of contract, breach of the implied covenant of good faith and fair dealing, violations of Nevada's unfair trade practices statute, and unjust enrichment.  (*See generally* ECF No. 1-1).  The allegations from the complaint are as follows.

      Padilla was under a State Farm insurance policy when her car was rear-ended by another car in Las Vegas, Nevada.  (ECF No. 1-1, at 3–4).  Padilla was not at fault for the accident and sustained injuries from the crash.  (*Id.* at 4).  State Farm is contractually obligated to compensate Padilla up to $25,000.  (*Id.* at 5).  State Farm has not tendered the amount it owes Padilla and "has

refused to negotiate in good faith." (*Id.* at 4). Padilla has also requested punitive damages. (*Id.* at 9).

## II. Legal Standard

Federal courts are courts of "limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citations omitted). Although plaintiffs are generally entitled to deference in their choice of forum, a defendant may remove a case originally filed in state court to federal court if "the district courts of the United States" would have original jurisdiction over it. *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 949–50 (9th Cir. 2017); 28 U.S.C. § 1441(a). Relevant to this motion, original jurisdiction includes diversity jurisdiction, which requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy to exceed $75,000. *See* 28 U.S.C. § 1332(a).

Once an action is removed to federal court, a plaintiff may challenge removal by filing a motion to remand. 28 U.S.C. § 1447(c). The removing defendant must overcome the "strong presumption against removal" and has the burden of proving diversity jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016). Due to this strong presumption against removal jurisdiction, the court resolves all ambiguity in favor of remand to state court. *Id.*

In general, "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006). Thus, to prevent plaintiffs from manipulating the forum, generally "post-removal pleadings have no bearing on whether the removal was proper." *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1117 (9th Cir. 2002). However, when a pleading is amended to clarify the original complaint rather than manipulate the forum, the court can look to the amended complaint to determine whether the court exercised jurisdiction over the action at the time of removal. *See, e.g.*, *Schuster v. Gardner,* 319 F.Supp.2d 1159, 1164–65 (S.D. Cal. 2003).

## III. Discussion

Padilla informs the court that the policy limit under her insurance contract with State Farm

is $25,000. (ECF No. 8, at 6). Remand is therefore appropriate as the amount in controversy is well below the $75,000 threshold. (*Id.*). State Farm counters that Padilla could "plausibly" receive a punitive damages award exceeding $50,000, which would satisfy the threshold amount for diversity jurisdiction. (ECF No. 10, at 4).

When determining the amount in controversy, the court looks to the complaint and "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The $75,000 threshold is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement. *See id.* at 288–89; *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986). But where, as here, removal jurisdiction is challenged by the plaintiff, evidence establishing the amount in controversy is required. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* (*citing* 28 U.S.C. § 1446(c)(2)(B)) (emphasis added).

The court may consider "facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.' " *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations are insufficient. *Id.* at 1090 (citation omitted). Removal is proper "'if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 88. The amount in controversy is the "maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019).

Punitive damages may be considered part of the amount in controversy if they are properly pleaded. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action." (citation omitted)). To include punitive damages in the amount in controversy, "the party asserting jurisdiction must establish that punitive damages would be permitted under the applicable state law based on the

1  conduct alleged." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No.
2  MDL 2672 CRB (JSC), 2019 WL 1501577, at *4 (N.D. Cal. Apr. 5, 2019).  Then, the party seeking
3  jurisdiction must demonstrate the *amount* of punitive damages in controversy, which may be
4  established by "evidence of jury verdicts in cases involving analogous facts."  *Surber v. Reliance*
5  *Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000).

6  Under Nevada law, punitive damages are only awarded "when the plaintiff proves by clear
7  and convincing evidence that the defendant is 'guilty of oppression, fraud or malice, express or
8  implied.'"  *Bongiovi v. Sullivan*, 138 P.3d 433, 450 (2006).  Padilla's complaint alleges that State
9  Farm "maliciously undermined, inhibited[,] and relieved themselves of their duties" to her, but it
10 is otherwise bereft of specific, factual allegations and composed almost entirely of conclusory
11 statements.  (*See generally* ECF Nos. 1-1).  Thus, although a punitive damages award exceeding
12 $50,000 could *theoretically* be awarded in this case, State Farm must nevertheless prove that such
13 an award is more likely than not, based on the alleged facts.  *Sanchez v. Monumental Life Ins. Co.*,
14 102 F.3d 398, 403–04 (9th Cir. 1996).

15 State Farm has not met its burden.  As the court explained earlier; when the plaintiff
16 challenges removal jurisdiction, the standard is not whether the sum claimed by the plaintiff was
17 made in good faith, but rather whether the defendant has established jurisdiction with the
18 appropriate evidence.  Though State Farm provides the court with examples of jury verdicts
19 awarding punitive damages exceeding $50,000, it provides next to no analysis "for why a similar
20 award should be anticipated under the facts of this case."  *Casas v. Geico Indem. Co.*, No. 2:13-
21 CV-1567-JAD-CWH, 2013 WL 6284152, at *2 (D. Nev. Dec. 4, 2013) (granting remand on
22 similar grounds).  In fact, State Farm itself repeatedly concedes that the complaint is "without
23 allegations of specific acts" with which to analyze.[1]  (ECF No. 10, at 7).

24 State Farm has thus not met its burden in opposing remand. Without allegations of specific
25 conduct, and without "summary-judgment-type evidence" of any alleged specific conduct, the

---

[1] In fact, State Farm argues in its motion to dismiss that punitive damages are not warranted, based on the allegations in Padilla's complaint.  (ECF No. 3, at 12–14).

- 4 -

court cannot conclude that it is "more likely than not" that punitive damages[2] in this case, combined with compensatory damages, would satisfy the "amount in controversy" requirement for diversity jurisdiction. The court must remand this case.

Padilla also argues for attorney's fees under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." (ECF No. 8, at 6). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). "Under *Martin*, whether removal is improper is not dispositive in determining whether fees should be awarded under 28 U.S.C. § 1447(c)." *Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007).

In *Gardner*, the Ninth Circuit explained that the proper inquiry under Section 1447(c) is whether the removing defendant "lacked an objectively reasonable basis for seeking removal." *Id.* Padilla argues that State Farm lacked such a reasonable basis because there was a $25,000 policy limit in this case—far below the jurisdictional threshold of $75,000. (ECF No. 8, at 6). State Farm counters that it provided the court with examples of jury verdicts awarding punitive damages in excess of $50,000, which tends to show that removal did not lack an objectively reasonable basis. (ECF No. 10, at 11). The court finds in favor of State Farm.

The court finds the reasoning in *Casas* persuasive and adopts it here. The court in *Casas*, on similar facts, found that the plaintiff was not entitled to attorney's fees because the defendant's "failure to demonstrate that damages…would more likely than not exceed the $75,000 jurisdictional threshold was a failure of degree, not categorically frivolous." *Casas*, 2013 WL 6284152, at *3. State Farm's failure in this case is similar, and the court thus denies Padilla's request for attorney's fees.

---

[2] State Farm also appears to argue that Padilla may be entitled to "bad faith" and unfair trade practices damages, but it does not provide authority for—or explain how—these are separate and additional to punitive damages. (ECF No. 10, at 4, "Therefore, to defeat the motion for remand State Farm has to demonstrate that the remaining damages—inclusive of bad faith, NRS 686A.310, and punitive damages—are plausibly more than $50,000.).

- 5 -

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff Greissi Padilla's motion to remand (ECF No. 8), be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing. Specifically, Padilla's remand request is granted, but her request for attorney's fees is denied.

IT IS FURTHER ORDERED that defendant State Farm's pending motions to dismiss (ECF Nos. 3 and 7) be, and the same hereby are, denied WITHOUT prejudice as to its ability to refile the motions on remand.

IT IS FURTHER ORDERED that this matter be REMANDED to the Eighth Judicial District Court, Clark County, Nevada, Case No. A-23-878003-C.

The clerk of the court is INSTRUCTED to close this case.

DATED May 22, 2024.

_____
UNITED STATES DISTRICT JUDGE